

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CASE NO. 1:15-CR-17(3) |
| | § | |
| STASHA FRANCELL ANDERSON | § | |

**FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE**
**BEFORE THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that the defendant, Stasha Francell Anderson, violated conditions of supervised release imposed by United States District Judge Marcia A. Crone. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* (doc. #201) requesting the revocation of the defendant's supervised release. The Court conducted a hearing on October 30, 2019, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. The defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and

1

recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

a. That the defendant, after consultation with counsel of record, has knowingly, freely, and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b. That the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On November 19, 2015, The Honorable Marcia A. Crone of the Eastern District of Texas sentenced the defendant after she pled guilty to the offense of Aiding, Assisting, Procuring, Counseling, and Advising In The Preparation Of A False Tax Return, a Class E felony. This offense carried a statutory maximum imprisonment term of 3 years. The guideline imprisonment range, based on a total offense level of 16 and a criminal history category of V, was 36 months. Stasha Francell Anderson was subsequently sentenced to 36 months imprisonment, followed by a 1-year term of supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure, credit and gambling restrictions, substance abuse

aftercare, mental health aftercare, employment restrictions, a $100 special assessment, and $156,519.00 in restitution. The Court ordered the restitution amount jointly and severally with co- defendant Derek Cornelius Briscoe. On October 19, 2018, Stasha Francell Anderson completed her period of imprisonment and began service of the supervision term.

On June 11, 2019, Judge Crone granted a Request for Modifying the Conditions of Supervision (doc. #199), with consent of the offender, and added a special condition for Ms. Anderson to reside in a residential reentry center, in a community corrections component, for the remainder of her supervised release, due to expire on October 18, 2019. *See Order* (doc. #200).

### B. Allegations in Petition

The United States Probation Office alleges that the defendant violated a mandatory condition of her supervision as follows:

*The defendant shall refrain from any unlawful use of a controlled substance.*

On December 3, 2018, and June 6, 2019, Ms. Anderson submitted urine specimens that tested positive for cocaine. She signed a written admission form to reaffirm her illicit drug use.

### C. Evidence presented at Hearing:

At the hearing, the Government submitted evidence in support of the allegation in the petition. The Government presented an exhibit showing that Ms. Anderson admitted to using cocaine. Specifically, she signed a form titled *Response to Allegation of Violation(s) of Conditions of Supervision* in which she admits to submitting a urine specimen on December 3, 2018, which tested positive for cocaine. Ms. Anderson signed the form on December 7, 2018, in the presence of her probation officer. The Government also submitted the same form, signed by Ms. Anderson on June 10, 2019, in which she also admits to using cocaine as evidenced by a

3

urine specimen submitted for testing on June 6, 2019. That urine specimen also yielded a positive result for cocaine.

Defendant, Stasha Francell Anderson, offered a plea of true to the allegations. Specifically, she agreed with the evidence summarized above and pled true to the allegation that she used a controlled substance in violation of his supervision conditions.

### D.  Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a special condition of her supervised release by using a controlled substance. This conduct constitutes a Grade C violation under U.S.S.G. § 7B1.3(a)(1). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2).

Based upon the Defendant's criminal history category of V and the Grade C violation, the sentencing guidelines suggest a sentence of imprisonment for a period ranging from 7 to 13 months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class E felony, the statutory maximum imprisonment term upon revocation is one (1) year. *See* 18 U.S.C. § 3583(e)(3). The maximum imprisonment term is therefore capped at one (1) year.

According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4, and any such unserved period of community confinement, home detention, or intermittent

4

confinement may be converted to an equivalent period of imprisonment. In this case, according to information submitted by the Probation Office, Ms. Anderson failed to complete 35 days of court-ordered community confinement time when she was unsuccessfully discharged from a residential reentry center in Lake Charles, Louisiana.

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that she violated her supervision conditions. Ms. Anderson pled true, agreed with the Court's recommended sentence for that violation, and waived her right to allocute before the District Court.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge recommends that the District Court order Defendant,

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

Stasha Anderson, to serve a term of **six (6) months imprisonment** for the revocation. The six (6) month term includes 35 days of unserved residential reentry center time pursuant to the parties' agreement. The Court further recommends that the District Court order the defendant to pay the remaining unpaid restitution in the amount of $152,893.45, jointly and severally with co-defendant Derek Cornelius Briscoe, as originally directed in the judgment of conviction.

## OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 4th day of November, 2019.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE